🏛 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
MAR 25, 2022 01:08 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY

## STATE OF GEORGIA

|  |  |
|---|---|
| CHARLES BERNARD HEARD, | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| | FILE NO.: _____ |
| ALFONSO MOROYOQUIBALMACEDA, CARGO SOLUTONS EXPRESS, INC., and UNITED SPECIALITY INSURANCE COMPANY, | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff in the above-styled action and files this complaint for damages against the Defendants and respectfully shows the Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff CHARLES BERNARD HEARD ("Plaintiff") is a resident of Carroll County, Georgia, and is subject to the venue and jurisdiction of this Court.

2.

Defendant ALFONSO MOROYOQUIBALMACEDA ("Defendant DRIVER") is a resident of Colton County, California and is subject to the venue and jurisdiction of this Court as a joint tort-feasor. Defendant DRIVER may be served with a copy of the summons and complaint at 698 East G. Street, Colton California 92234.

[1]

3.

Defendant CARGO SOULTIONS EXPRESS, INC., (Defendant "CSE") is a foreign profit corporation existing under the laws of the state of California with its principal place of business located in Fontana, California, who at all times relevant to this complaint maintained a registered office within the state of Georgia in Henry County and is subject to the venue and jurisdiction of this Court. Defendant CSE may be served with a copy of the summons and complaint via its registered agent, Bobby Kang, at 3833 Jodeco Road, McDonough, Georgia 30253.

4.

Defendant UNITED SPECIALTY INSURANCE COMPANY ("Defendant USIC") is a foreign insurance corporation existing under the laws of the state of Texas with its principal place of business in Bedford, Texas and may be served through its registered agent, CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046, and is subject to the jurisdiction of this court pursuant to O.C.G.A. § 40-2-140.

**BACKGROUND**

5.

On or about June 30, 2020, at approximately 5:40 p.m., Plaintiff was operating a motor vehicle was stopped at a red light on GA 113 at its intersection with Linda Lane, Carroll County, Georgia.

6.

On or about June 30, 2020, at approximately 5:40 p.m., Defendant DRIVER was operating a 2020 International tractor-trailer combination unit, owned by, and while in the course and scope of employment for Defendant CSE, stopped at a traffic control device on GA 113 at its intersection with Linda Lane, in Carroll County, Georgia.

[2]

7.

On this date and time, Plaintiff was riding as a passenger in a 2011 Nissan Sentra, operated by Austin Cox, a non-party to this action, stopped at a traffic control device on GA 113 at its intersection with Linda Lane, in Carroll County, Georgia, directly behind Defendant DRIVER and Defendant CSE's tractor trailer combination unit.

8.

On this date and time, upon the traffic light turning green, Defendant DRIVER failed to maintain control of his tractor-trailer and negligently backed into the front of Plaintiff's vehicle.

9.

Austin Cox, a non-party to this action did not contribute to causing the impact between the two vehicles, in any manner whatsoever.

10.

The collision was proximately caused by Defendant DRIVER's negligence and, as a foreseeable result of that negligence, the Plaintiff was seriously injured and has to date incurred past medical expense of $103,743.72, in addition to other general damages.

## COUNT I

## NEGLIGENCE OF DEFENDANT DRIVER

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant DRIVER was negligent in the following manner:

    (a) failing to exercise due care in the operation of his tractor-trailer;

[3]

(b) improperly backing in violation of O.C.G.A. § 40-6-240;

(c) failing to maintain a proper lookout for plaintiff's vehicle; and

(d) in any other manner that may be shown at trial.

13.

Defendant DRIVER's negligence is the sole and proximate cause of Plaintiff's injuries.

14.

As a foreseeable and proximate result of Defendant DRIVER's negligence, Plaintiff suffered bodily injury for which he incurred medical expense of $103,743.72.

15.

Plaintiff is entitled to recover damages from Defendant DRIVER for all incurred past and future medical expenses, lost wages and other actual damages to the extent permitted by law and is also entitled to recover damages for all past and future pain and suffering.

## COUNT II

## IMPUTED LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At the time of the collision, Defendant DRIVER was under dispatch for Defendant CSE.

18.

At the time of the subject collision, Defendant DRIVER was operating the 2020 International tractor-trailer combination unit on behalf of Defendant CSE.

[4]

19.

Defendant CSE is responsible for the actions of Defendant DRIVER in regard to the collision described in this complaint under the doctrine of agency, apparent agency, *respondeat superior* or any combination thereof.

## COUNT III

## NEGLIGENT ENTRUSTMENT, HIRING, RETENTION, TRAINING & SUPERVISION

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant CSE was negligent in hiring Defendant DRIVER and entrusting him to operate a commercial vehicle.

22.

Defendant CSE was negligent in failing to properly train Defendant DRIVER.

23.

Defendant CSE was negligent in failing to properly supervise Defendant DRIVER.

24.

Defendant CSE was negligent in continuing to retain Defendant DRIVER as a driver upon receipt of prior notice that he was unsafe, not properly trained, or otherwise unfit to operate a commercial vehicle.

25.

Defendant CSE's negligence in hiring and retaining Defendant DRIVER  and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries and damages.

## COUNT IV

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

Defendant USIC is subject to a direct action as the insurer for Defendant CSE pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

28.

Defendant USIC was the insurer of Defendant CSE at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate and/or intrastate transportation.

29.

Defendant USIC and Defendant CSE are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

30.

Defendant USIC is responsible for any judgment rendered against Defendant CSE, and Defendant DRIVER up to its policy limits of coverage.

[6]

## DAMAGES

### 31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

### 32.

As a result of Defendants' negligence, Plaintiff suffered severe and permanent bodily injury.

### 33.

As a result of Defendants' negligence, Plaintiff has incurred past medical expense in an amount exceeding $103,743.72 and will continue to incur future medical expense.

### 34.

As a result of Defendants' negligence, Plaintiff has been unable to work and has a claim for past and future lost wages, diminished earning capacity, and general damages for his pain and suffering.

### 35.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT V

## PUNITIVE DAMAGES AS TO DEFENDANT DRIVER & DEFENDANT CSE

### 36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

[7]

37.

Defendant DRIVER and Defendant CSE's conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

## BAD FAITH AND STUBBORN LITIGIOUSNESS PURSUANT TO O.C.G.A. § 13-6-11

38.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 37 above as if fully restated.

39.

Defendants' actions to date constitute bad faith, stubborn litigiousness, and/or have caused the Plaintiff unnecessary trouble and expense, and Plaintiff is entitled to an award of attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays that he have trial on all issues and judgment against defendants as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering, emotional distress, diminished earning capacity and all other general damages in an amount to be determined by the enlightened conscience of the fact finder;

(c)     That Plaintiff recover attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11;

(d)     That Plaintiff recover punitive damages from Defendant DRIVER and Defendant CSE in an amount to be determined by the enlightened conscience of the fact finder;

[8]

(e)     That plaintiff recover such other and further relief as is just and proper; and

(f)     That all issues be tried before a jury.

This the 25th day of March, 2022.

Respectfully submitted,

**ALI AWAD LAW, PC**

/s/Jason N. Slate
JASON N. SLATE
Georgia Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
jason@aliawadlaw.com

[9]

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
**MAR 25, 2022 01:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   STSV2022000536

Heard, Charles B

_____

**PLAINTIFF**

**VS.**

Moroyoquibalmaceda, Alfonso
Cargo Solutions Express, Inc.

_____

**DEFENDANTS**

**SUMMONS**

TO: CARGO SOLUTIONS EXPRESS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jason Slate**
> **Ali Awad Law, P.C.**
> **200 Peachtree Street NW**
> **Suite 201**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of March, 2022.**

Clerk of State Court


*Lynne M. Policaro*

_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
**MAR 25, 2022 01:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2022000536

Heard, Charles B
_____

**PLAINTIFF**

**VS.**

Moroyoquibalmaceda, Alfonso
Cargo Solutions Express, Inc.
_____

**DEFENDANTS**

**SUMMONS**

TO: MOROYOQUIBALMACEDA, ALFONSO

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jason Slate**
> **Ali Awad Law, P.C.**
> **200 Peachtree Street NW**
> **Suite 201**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of March, 2022.**

Clerk of State Court


*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
**MAR 25, 2022 01:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2022000536

Heard, Charles B

_____

**PLAINTIFF**

VS.

Moroyoquibalmaceda, Alfonso
Cargo Solutions Express, Inc.

_____

**DEFENDANTS**


### SUMMONS

TO: UNITED SPECIALTY INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jason Slate**
> **Ali Awad Law, P.C.**
> **200 Peachtree Street NW**
> **Suite 201**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of March, 2022.**

Clerk of State Court


*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

☐ Superior or ☑ State Court of _Henry_____ County

**STSV2022000536**
QBB

MAR 25, 2022 01:08 PM

| For Clerk Use Only | |
|---|---|
| Date Filed _03-25-2022_____ | Case Number _STSV2022000536_____ |
| **MM-DD-YYYY** | |

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**Plaintiff(s)**

Heard, Charles B

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Moroyoquibalmaceda, Alfonso

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Cargo Solutions Express, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney _Slate, Mr. Jason_____   Bar Number _846650_____   Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
     **Case Number**              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
MAR 25, 2022 01:08 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CHARLES HEARD,

        Plaintiff,

v.

ALFONSO MOROYOQUIBALMACEDA,
CARGO SOLUTONS EXPRESS INC., and
UNITED SPECIALITY INSURANCE
COMPANY,

        Defendants.

CIVIL ACTION

FILE NO.: _____

## 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that I have served a copy of:

1. Plaintiffs' First Interrogatories to Defendant Alfonso Moroyoquibalmaceda;
2. Plaintiff's First Requests for Admissions to Defendant Alfonso Moroyoquibalmaceda;
3. Plaintiff's First Request for Production of Documents and Notice to Produce to Defendant Alfonso Moroyoquibalmaceda;
4. Plaintiff's First Interrogatories to Defendant Cargo Solutions Express Inc.;
5. Plaintiff's First Request for Production of Documents to Defendant Cargo Solutions Express Inc;
6. Plaintiff's First Request for Admissions to Defendant Cargo Solutions Express Inc;
7. Plaintiff's First Interrogatories to Defendant United Specialty Insurance Company;
8. Plaintiff's First Request for Production of Documents to Defendant United Specialty Insurance Company.

upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office in the County in which the defendant resides or other proper process server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

[1]

ALFONSO MOROYOQUIBALMACEDA
698 East G. Street
Colton CA 92234

CARGO SOLUTONS EXPRESS INC
c/o Bobby Kang
3833 Jodeco Road,
McDonough, GA 30253

UNITED SPECIALTY INSURANCE COMPANY
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This the 25th day of March 2022.

Respectfully submitted:
**ALI AWAD LAW, P.C.**
/s/ Jason N. Slate
JASON N. SLATE
State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
Jason@aliawadlaw.com

[2]

✒ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
MAR 30 2022 06:36 AM

*Lynn M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Henry

Case Number: STSV2022000536

Plaintiff: **Charles Bernard Heard**
vs.
Defendant: **Alfonso Moroyoquibalmaceda, Cargo Solutions Express, Inc and United Speciality Insurance Company,**

For:
Jason Slate
Ali Awad Law, P.C.
Ali Awad Law, P.C.
Ste. 201
Atlanta, GA 30303

Received by Ancillary Legal Corporation on the 25th day of March, 2022 at 2:25 pm to be served on **UNITED SPECIALTY INSURANCE COMPANY c/o CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **28th day of March, 2022** at **1:45 pm, I:**

served **UNITED SPECIALTY INSURANCE COMPANY c/o CT Corporation System** by delivering a true copy of the **Summons, Complaint, Plaintiff's First Interrogatories to Defendant United Specialty Insurance Company Plaintiff's First Request for Production of Documents to Defendant United Specialty Insurance Company, General Civil and Domestic Relations Case Filing Information Form,** to: CT Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Authorized to accept** at the address of: **289 S. Culver Street, Lawrenceville, GA 30046**.

**Additional Information pertaining to this Service:**
3/28/2022  1:45 pm  Perfected corporate service at 289 S. Culver Street, Lawrenceville, GA 30046, by serving Linda Banks, process specialist.

White female, gray hair, ~60-65 years old, ~5'4, ~140 lbs, wears glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of  the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 29th
day of March, 2022 by the affiant
who is personally known to me.

_Sharon Robertson_
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2022003041
Ref: Charles Bernard Heard

(Notary seal: SHARON ROBERTSON, NOTARY PUBLIC, My Commission Expires November 8, 2025, FULTON COUNTY, GEORGIA)

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
APR 19, 2022 03:29 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

CHARLES BERNARD HEARD,

                Plaintiff,

v.

ALFONSO MOROYOQUIBALMACEDA,
CARGO SOLUTONS EXPRESS, INC., and
UNITED SPECIALITY INSURANCE
COMPANY,

                Defendants.

CIVIL ACTION

FILE NO.: STSV2022000536

**JURY TRIAL DEMANDED**

**NOTICE OF FILING PROOF OF SERVICE**

COMES NOW Plaintiff Charles Bernard Heard and files the attached Proof of Service on Defendant Alfonso Moroyoquibalmaceda, in the above-referenced matter.

This, the <u>19th</u> day of April 2022.

Respectfully submitted,

**ALI AWAD LAW, PC**

/s/ Jason N. Slate
JASON N. SLATE
Georgia Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
Jason@aliawadlaw.com

1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
ALI AWAD LAW, JASON N. SLATE
200 PEACHTREE STREET NW SUITE 201
ATLANTA GA 30303

FOR COURT USE ONLY

TELEPHONE NO.: 833-254-2923     FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:     <Unknown> CA
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER: CHARLES BERNARD HEARD

DEFENDANT/RESPONDENT: ALFONSO MOROYOQUIBALMACEDA, ET AL

CASE NUMBER:
STSV2022000536

**PROOF OF SERVICE**

Ref. No. or File No.:
22003706

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. ☒ other *(specify documents)*: SUMMONS, COMPLAINT, 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS, PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO ALFONSO MOROYOQUIBALMACEDA, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ALFONSO MOROYOQUIBALMACEDA, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT ALFONSO MOROYOQUIBALMACEDA

3. a. Party served: **ALFONSO MOROYOQUIBALMACEDA**

   b. ☐ Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person

4. Address where the party was served:     157 W 5TH STREET 3RD FLOOR  SAN BERNARDINO CA 92415

5. I served the party
   a. ☒ **by personal service**.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on 04/12/2022   (2) at 10:30 am

   b. ☐ **by substituted service**. On:                    at:                I left the documents listed in item 2 with or in the presence of:
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on.
          ☐ a declaration of mailing is attached.

   c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
      (1) on *(date)*:                      (2) from *(city)*:
      (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt*)* (Code Civ. Proc., § 415.30.)
      (4) ☐ to an address outside California with return receipt requested (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means**. Method                    On:                    at:

Requestor Copy

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
APR 22, 2022 01:34 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES BERNARD HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. STSV2022000536 |
| v. | ) | |
| | ) | |
| ALFONSO | ) | |
| MOROYOQUIBALMACEDA; | ) | |
| CARGO SOLUTIONS EXPRESS, | ) | |
| INC.; and UNITED SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF DEFENDANTS
## ALFONSO MOROYOQUI-BALMACEDA AND
## <u>CARGO SOLUTION EXPRESS, INC. TO PLAINTIFF'S COMPLAINT</u>

COME NOW defendants Alfonso Moroyoqui-Balmaceda ("Moroyoqui-Balmaceda"), incorrectly identified as Alfonso Moroyoquibalmaceda, and Cargo Solution Express, Inc. ("Cargo Solution"), incorrectly identified as Cargo Solutions Express, Inc., (collectively, "these defendants"), and answer plaintiff's complaint as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

Responding to the specifically numbered paragraphs of plaintiff's complaint, these defendants answer as follows:

## **PARTIES AND JURISDICTION**

1.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Moroyoqui-Balmaceda is a citizen of California and may be served according to law.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

3.

Responding to the allegations in this paragraph of the complaint, these defendants admit that Cargo Solution is a California corporation and may be served according to law.   Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint

4.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## **BACKGROUND**

5.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Moroyoqui-Balmaceda was operating a tractor-trailer in Carroll County, Georgia on or about June 30, 2020, in the course and scope of his employment with Cargo Solution.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

7.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

These defendants deny the allegations in this paragraph of the complaint.

9.

These defendants deny the allegations in this paragraph of the complaint.

10.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT I

## NEGLIGENCE OF DEFENDANT DRIVER

11.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

12.

These defendants deny the allegations in this paragraph of the complaint, including those in subparagraphs (a) through (d).

13.

These defendants deny the allegations in this paragraph of the complaint.

14.

These defendants deny the allegations in this paragraph of the complaint.

15.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT II

## <u>IMPUTED LIABILITY</u>

### 16.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

### 17.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Moroyoqui-Balmaceda was under dispatch for Cargo Solution at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

### 18.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Moroyoqui-Balmaceda was operating a tractor-trailer in the course and scope of his employment with Cargo Solution.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

### 19.

Responding to the allegations in this paragraph of the complaint, these defendants admit the *respondeat superior* doctrine applies to plaintiff's claims of

negligence against Mr. Moroyoqui-Balmaceda.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

## COUNT III

## NEGLIGENT ENTRUSTMENT, HIRING,

## RETENTION, TRAINING & SUPERVISION

### 20.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

### 21.

These defendants deny the allegations in this paragraph of the complaint.

### 22.

These defendants deny the allegations in this paragraph of the complaint.

### 23.

These defendants deny the allegations in this paragraph of the complaint.

### 24.

These defendants deny the allegations in this paragraph of the complaint.

### 25.

These defendants deny the allegations in this paragraph of the complaint.

## **COUNT IV**

26.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

27.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

28.

Responding to the allegations in this paragraph of the complaint, these defendants admit United Specialty Insurance Company ("USIC") issued a policy of liability insurance to Cargo Solution that was in effect at the time of the subject accident.  Except as expressly admitted, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

30.

Responding to the allegations in this paragraph of the complaint, these defendants admit USIC will be responsible for paying any judgment against them up to the policy limit and subject to the terms of the policy terms and conditions and applicable law.  Except as expressly admitted, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## DAMAGES

31.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

32.

These defendants deny the allegations in this paragraph of the complaint.

33.

These defendants deny the allegations in this paragraph of the complaint.

34.

These defendants deny the allegations in this paragraph of the complaint.

35.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT V

## PUNITIVE DAMAGES AS TO DEFENDANT DRIVER &

## DEFENDANT CSE

### 36.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

### 37.

These defendants deny the allegations in this paragraph of the complaint.

## BAD FAITH AND STUBBORN LITIGIOUSNESS

## PURSUANT TO O.C.G.A. § 13-6-11

### 38.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

### 39.

These defendants deny the allegations in this paragraph of the complaint.

### 40.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, these defendants deny plaintiff is entitled to any relief from them under any theory, at law or in equity.

41.

Except as expressly admitted or otherwise responded to, these defendants deny all allegations in the complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiff.

## FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff; and no alleged act by defendants caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, these defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations and waiver.

## NINTH DEFENSE

These defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, these defendants pray as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Catherine M. Banich*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Catherine M. Banich
Georgia Bar No. 260514
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE, Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

-12-

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Answer and Defenses of Alfonso Moroyoqui-Balmaceda and Cargo Solution Express, Inc to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

> Jason N. Slate, Esq.
> Ali Awad Law, PC
> 200 Peachtree Street NW
> Suite 201
> Atlanta, GA 30303

This 22nd day of April 2022.

> */s/ Catherine M. Banich*
> Catherine M. Banich
> Georgia Bar No. 260514

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
APR 22, 2022 01:34 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES BERNARD HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. STSV2022000536 |
| v. | ) | |
| | ) | |
| ALFONSO | ) | |
| MOROYOQUIBALMACEDA; | ) | |
| CARGO SOLUTIONS EXPRESS, | ) | |
| INC.; and UNITED SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF UNITED SPECIALTY INSURANCE
COMPANY TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant United Specialty Insurance Company ("USIC"),

and answers plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint,

USIC answers as follows:

## PARTIES AND JURISDICTION

1.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Responding to the allegations in this paragraph of the complaint, USIC admits it is a Texas company and may be served according to law.  Except as expressly admitted, USIC denies the allegations in this paragraph of the complaint.

## BACKGROUND

5.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

USIC denies the allegations in this paragraph of the complaint.

## COUNT I

## <u>NEGLIGENCE OF DEFENDANT DRIVER</u>

11.

USIC incorporates its responses to the foregoing paragraphs of the complaint as if set forth fully herein.

-3-

12.

USIC denies the allegations in this paragraph of the complaint, including those in subparagraphs (a) through (d).

13.

USIC denies the allegations in this paragraph of the complaint.

14.

USIC denies the allegations in this paragraph of the complaint.

15.

USIC denies the allegations in this paragraph of the complaint.

**COUNT II**

**IMPUTED LIABILITY**

16.

USIC incorporates its responses to the foregoing paragraphs of the complaint as if set forth fully herein.

17.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

18.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

19.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT III

## NEGLIGENT ENTRUSTMENT, HIRING,

## RETENTION, TRAINING & SUPERVISION

20.

USIC incorporates its responses to the foregoing paragraphs of the complaint as if set forth fully herein.

21.

USIC denies the allegations in this paragraph of the complaint.

22.

USIC denies the allegations in this paragraph of the complaint.

23.

USIC denies the allegations in this paragraph of the complaint.

24.

USIC denies the allegations in this paragraph of the complaint.

25.

USIC denies the allegations in this paragraph of the complaint.

## **COUNT IV**

26.

USIC incorporates its responses to the foregoing paragraphs of the complaint as if set forth fully herein.

27.

USIC admits it issued a policy of liability insurance to Cargo Solution that was in effect at the time of the subject accident.  Except as expressly admitted, USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

28.

USIC admits it issued a policy of liability insurance to Cargo Solution that was in effect at the time of the subject accident.  Except as expressly admitted, USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

USIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

30.

Responding to the allegations in this paragraph of the complaint, USIC admits it will be responsible for paying any judgment against its insureds up to the policy limit and subject to the policy terms and conditions and applicable law.  Except as expressly admitted, USIC denies the allegations in this paragraph of the complaint.

## **DAMAGES**

31.

USIC incorporates its responses to the foregoing paragraphs of the complaint as if set forth fully herein.

32.

USIC denies the allegations in this paragraph of the complaint.

33.

USIC denies the allegations in this paragraph of the complaint.

34.

USIC denies the allegations in this paragraph of the complaint.

35.

USIC denies the allegations in this paragraph of the complaint.

## COUNT V

## PUNITIVE DAMAGES AS TO DEFENDANT DRIVER &

## DEFENDANT CSE

36.

USIC incorporates its responses to the foregoing paragraphs of the complaint as if set forth fully herein.

37.

USIC denies the allegations in this paragraph of the complaint.

## BAD FAITH AND STUBBORN LITIGIOUSNESS

## PURSUANT TO O.C.G.A. § 13-6-11

38.

USIC incorporates its responses to the foregoing paragraphs of the complaint as if set forth fully herein.

39.

USIC denies the allegations in this paragraph of the complaint.

40.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, USIC denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

41.

Except as expressly admitted or otherwise responded to, USIC denies all allegations in the complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiff.

## FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff; and no alleged act by defendants caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, USIC asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,

illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations and waiver.

<u>NINTH DEFENSE</u>

USIC reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, USIC prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

<u>/s/ Catherine M. Banich</u>
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Catherine M. Banich
Georgia Bar No. 260514
Attorneys for Defendants

-11-

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)


**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Answer and Defenses of United Specialty Insurance Company to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

> Jason N. Slate, Esq.
> Ali Awad Law, PC
> 200 Peachtree Street NW
> Suite 201
> Atlanta, GA 30303

This 22nd day of April 2022.

> */s/ Catherine M. Banich*
> Catherine M. Banich
> Georgia Bar No. 260514

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000536**
DBB
APR 22, 2022 01:34 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES BERNARD HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. STSV2022000536 |
| v. | ) | |
| | ) | |
| ALFONSO | ) | |
| MOROYOQUIBALMACEDA; | ) | |
| CARGO SOLUTIONS EXPRESS, | ) | |
| INC.; and UNITED SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEMAND FOR JURY OF TWELVE**

COME NOW defendants, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, and demand that this action be tried by a jury of twelve. In support of this demand, defendants show that they reasonably believe plaintiff's claim for damages is greater than $25,000 and that this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Catherine M. Banich*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227

Catherine M. Banich
Georgia Bar No. 260514
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile filing system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

> Jason N. Slate, Esq.
> Ali Awad Law, PC
> 200 Peachtree Street NW
> Suite 201
> Atlanta, GA 30303

This 22nd day of April 2022.

> */s/ Catherine M. Banich*
> Catherine M. Banich
> Georgia Bar No. 260514

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)